IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SANDRA D. RUIZ, <br><br> Plaintiff, <br><br> vs. <br><br> QUAKER OATS COMPANY AND PEPSICO INC. <br><br> Defendants. | Case No. 14-cv-29 <br><br> COMPLAINT AND JURY DEMAND |

## I. NATURE OF ACTION

1. This is a proceeding for damages to redress the deprivation of rights secured to Plaintiff Sandra D. Ruiz by The Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et. seq.*

## II. JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 42 U.S.C. § 12101, *et seq.* and 28 U.S.C. §§ 1331 and 1343 to enforce provisions of the federal law.

3. Plaintiff Sandra D. Ruiz timely filed a written charge of disability discrimination with the Equal Employment Opportunity Commission. She has exhausted her administrative remedies by obtaining a Right to Sue letter from the Equal Employment Opportunity Commission. This action is timely filed.

1

### III. VENUE

4. The unlawful employment practices alleged below were committed within Linn County, Iowa. Accordingly, venue lies with the United States District Court for the Northern District of Iowa, Cedar Rapids Division, 28 U.S.C. §§ 95(a)(1), 1391(c).

### IV. PARTIES

5. At all times material to this action, Plaintiff Sandra D. Ruiz resided in Anamosa, Jones County, Iowa and was employed by Quaker Oats Company pursuant to U.S.C. § 2000e(f).

6. At all times material to this action, the Quaker Oats Company was an employer within the meaning of 42 U.S.C. § 2000e(b).

7. The Quaker Oats Company is a wholly owned subsidiary of PepsiCo, Inc.

### V. FACTS

8. Plaintiff started working for Quaker Oats Company in 1996 as a Quaker Peak Season Employee.

9. On September 18, 2000, Plaintiff became a permanent employee of the Quaker Oats Company and a member of the Local 110, RWDSU. Her seniority date is September 18, 2000.

10. In 2000, Plaintiff sustained a work-related injury to her neck. Plaintiff has been and continues to be restricted from lifting no more than 15 pounds of weight and no more than 25 pounds of force to push/pull. She is also restricted from more than occasional repetitive forward reaching, occasional firm gripping and pinching, and frequent simple grasping. She is prohibited from active climbing.

11. Plaintiff is disabled within the meaning of the ADA. Plaintiff has a physical condition which substantially limits major life activities. This disability was, at all times material to this action, known to the Defendant.

12. Upon her layoff on February 4, 2011 and notice that her job was eliminated, Defendant directed her to locate other jobs at the Quaker Oats' facility.

13. Plaintiff applied for a number of jobs with the Quaker Oats' facility, including MARS/SAP Coordinator, Shift Lead Level 4, HSE Specialist and HSE Specialist L4. All of these jobs required interviews.

14. As part of her application for these positions, Plaintiff submitted requests for reasonable accommodations.

15. Plaintiff was not interviewed for the MARS/SAP Coordinator or Shift Lead Level 4.

16. Plaintiff interviewed for the HSE Specialist position but was not selected for the job, presumably because her interview score was not high enough.

17. Plaintiff was not hired for the MARS/SAP Coordinator, Shift Lead Level 4 or HSE Specialist positions.

18. Plaintiff was a qualified individual with a disability and could perform the essential functions of these jobs with reasonable accommodation.

## COUNT I

19. Plaintiff repleads the allegations of paragraphs 1 through 18 of this Complaint.

20. Defendant knew that Plaintiff was disabled.

21. Plaintiff's disability was a determinative factor in Defendant's failure to grant the Plaintiff reasonable accommodation as requested by her treating physician in violation of 42 U.S.C. § 12112(b)(5).

22. Plaintiff's disability was a determinative factor in Defendant's decision not to rehire her.

23. Defendant's failure to accommodate Plaintiff's disability was intentional and thereby gives rise to punitive damages.

24. As a proximate result of Defendant's unlawful discrimination against Plaintiff, Plaintiff has been damaged.

## **DAMAGES**

WHEREFORE, Plaintiff asks for judgment in his favor and against the Defendant and asks that the following relief be awarded:

A. Damages for his lost wages and employment benefits to date and in the future;

B. Compensatory damages in an amount which reasonably and adequately compensates her for her losses;

C. Attorney's fees and the costs of this action;

D. Punitive damages as allowed by law; and,

E. Such other and further equitable relief as this Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

/s/ Kay Johansen
Kay Johansen
The Law Firm Of Kay Johansen
504 First Avenue S.E.
Mount Vernon, Iowa 52314
Telephone:(319)895-6540
Fax: (319)895-6560
E-Mail: kay.johansen@kjohansenlaw.com
ATTORNEYS FOR PLAINTIFF

Original filed.